FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD WESLEY BRYAN,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY UTTECHT,<br><br>    Respondent. | 4:20-CV-05016-SAB<br><br>**ORDER DENYING MOTIONS** |

    Before the Court are Petitioner's Motion for Change of Venue, Motion to Strike Order, and Motion for Immediate Injunction "Relief." ECF Nos. 8, 10 and 11. The Motions were considered without oral argument on the date signed below.

    Petitioner seeks a "change of venue." ECF No. 8 at 1. He asserts that his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed in this Court in error and he wishes to have it filed in a "Lawful (Article III.) Court in Equity." *Id.* Petitioner also challenges the Order issued on February 14, 2020, ECF No. 9, directing him to comply with the Prisoner Electronic Filing Initiative. ECF No. 10.

    In addition, Petitioner contends that the requirements of the General Order regarding the Prisoner Electronic Filing Initiative, General Order 15-35-1, are being violated because documents are not immediately scanned and sent to the

**ORDER DENYING MOTIONS** -- 1

Court in the presence of the prisoner. ECF No. 11 at 1. Petitioner accuses Respondent Uttecht of enacting an "internal policy" to "unlawfully intercept" and "retain copy(s)" of "confidential" documents Petitioner is submitting to the Court, before these documents have been docketed and become a public record.

Petitioner asserts that the law librarian scans and forwards documents to the legal liaison, rather than directly to the Court, and the legal liaison then retains "copies" of all Petitioner's submissions. *Id. at 2.* Petitioner believes his civil rights have been violated by this alleged violation of the General Order. *Id.* After careful review of the record, the Court finds Petitioner is not entitled to immediate injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A [party] seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Petitioner has not made the requisite showing for a preliminary injunction.

Petitioner has presented no facts from which the Court could infer that he was denied access to the court, causing actual injury. *See Lewis v. Casey,* 518 U.S. 343, 346 (1996). Mail to and from a court is not normally considered "legal mail." *See O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996) (a prison need not treat all mail sent to/from government agencies and officials as legal mail); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) (concluding that mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail), *amended by* 135 F.3d 1318 (9th Cir. 1998). Petitioner's assertion that his motions might have been copied by the legal liaison is insufficient to state constitutional harm.

Petitioner suggests that the undersigned judicial officer recuse himself, and "allow a **chancellor** (a judge of an equity court), i.e., an (Article III.) Judge, to

**ORDER DENYING MOTIONS --** 2

preside over this sovereign Case." ECF No. 10 at 4. "The standard for recusal under 28 U.S.C. §§ 144 [&] 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). "It is well settled that a motion for recusal under 28 U.S.C. § 144 or § 455 must be based upon prejudice from an extra-judicial source." *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988). "[A] judge's prior adverse ruling," which is not extra-judicial, "is not sufficient cause for recusal." *Studley*, 783 F.2d at 940. The "challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." *Id.* The Court finds no basis for recusal in this matter.

It is the goal of this Court to treat all like cases alike. Petitioner has not persuaded the Court that his alleged sovereign status makes his case unlike others. The Court will use its standard naming convention because it can perceive no possible legal prejudice to Petitioner in doing so.

This Court, as represented to Petitioner in all filings to date, is the only federal court available to him in the Eastern District of Washington. If Petitioner does not wish to proceed in this Court, he may of course voluntarily dismiss his petition. If Petitioner does not choose to voluntarily dismiss his petition, his case will be addressed in due course on the same basis as all other cases are addressed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Motion for Change of Venue, ECF No. 8, is **DENIED**.

2. Petitioner's Motion to Strike the order requiring electronic filing, ECF No. 10, is **DENIED**.

//
//
//
//

**ORDER DENYING MOTIONS --** 3

3. Petitioner's Motion for Immediate Injunction "Relief," ECF No. 11, is **DENIED.**

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and provide a copy to Petitioner.

**DATED** this 18th day of March 2020.



_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTIONS --** 4