FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 01, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD WESLEY BRYAN, | No. 4:20-CV-05016-SAB |
| Petitioner, | |
| v. | **ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE, ORDER DENYING ADDENDUM TO PETITION, AND ORDER DENYING MOTION FOR SERVICE** |
| JEFFREY UTTECHT, | |
| Respondent. | |

Before the Court is Petitioner's Second Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 27. Petitioner Richard Wesley Bryan, a prisoner at the Coyote Ridge Corrections Center, is proceeding *pro se* and *in forma pauperis*. Respondent has not been served.

In addition, Petitioner asks the Court to expedite this action in an Addendum to his Second Amended Petition, ECF No. 28, and requests that the Court instruct the Clerk of Court to serve several named clerks at the Washington State Supreme Court and the Kitsap County Clerk's Office in his Motion for Service, ECF No. 29.

**ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE, ORDER DENYING ADDENDUM TO PETITION, AND ORDER DENYING MOTION FOR SERVICE -- 1**

The Court considered these requests without oral argument on the date signed below.

## SECOND AMENDED PETITION

Petitioner brings this habeas action to challenge the alleged violation of his constitutional right to access the courts. He claims employees of the Kitsap County Clerk's Office violated that right when they failed to properly file and docket his state petition for writ of habeas corpus. ECF No. 27 at 1–2. Petitioner claims that on September 23, 2019, his state habeas corpus petition was filed on the state court dockets of the two underlying cases that the petition challenges. *Id*. at 21–22. He claims that his state habeas corpus petition "sits in purgatory" due to the actions of the Kitsap County clerks. *Id*. at 5. Petitioner also contends that the actions of the Kitsap County clerks and the undersigned judicial officer "'plainly' show a 'pattern of practice'" which is "evil in nature." *Id*. at 9.

Petitioner asserts that he does not challenge the constitutionality of his detention, but instead challenges the actions of the Kitsap County clerks. ECF No. 27 at 2. Petitioner states he "has never asked this [habeas] DISTRICT COURT for a 'writ of mandamus'; has never asked this [habeas] DISTRICT COURT to mandate [any] State/STATE Court/COURT to do [anything]." *Id*. at 8. He claims the Kitsap County clerks are not the Court, nor are they judicial officers of the court. *Id*. Petitioner "concedes the fact that a DISTRICT COURT does not have the authority to issue a writ of mandamus on a State Court…" *Id*. at 10. However, he appears to ask this Court to order the employees of the Kitsap County Clerk's Office to properly file his initial state petition for writ of habeas corpus with its own case number in state court. *Id*. at 12.

## DISCUSSION

Although Petitioner insists that he is not seeking a writ of mandamus, the relief he requests is in the nature of mandamus. A writ of mandamus is an extreme

ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE, ORDER DENYING ADDENDUM TO PETITION, AND ORDER DENYING MOTION FOR SERVICE -- 2

remedy that is invoked only in extraordinary situations. *See Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). A federal court lacks jurisdiction to issue a writ of mandamus to a state court. *Demos v. United States Dist. Court for the E. Dist. of Wash.*, 925 F.2d 1160, 1161–62 (9th Cir. 1991) (Ninth Circuit concluded petitions were frivolous as a matter of law where the petitioner attempted to obtain writs of mandamus in federal court to compel the state court to take or refrain from some action); *See* 28 U.S.C. § 1651. Petitioner asserts that this Court has the authority to order the employees of the Kitsap County Clerk's Office to properly file his state petition for writ of habeas corpus. ECF No. 27 at 12. Petitioner is mistaken. The relief Petitioner requests is in the nature of mandamus and this Court lacks jurisdiction to issue such a writ.

Petitioner contends the undersigned judicial officer "knows unequivocally that this sovereign cannot file a § 2254; not until this sovereign is aloud [sic] to prosecute his Initial, state, writ of habeas corpus; exhaust his state remedies; which [the undersigned judicial officer] unequivocally knows that this sovereign can not [sic] do, via, the Clerk's arbitrary & lawless actions." ECF No. 27 at 10. Regardless, this Court is without authority to grant Petitioner the relief he requests.

In addition, it appears that any future request for federal habeas relief under 28 U.S.C. § 2254 would be time-barred. Petitioner provides a copy of a Kitsap County case summary for case number 05-1-01006-0 which shows the state appellate court dismissed his Personal Restraint Petition ("PRP") on December 8, 2014. ECF No. 27 at 38. Petitioner's state writ of habeas corpus was filed on the same docket nearly five years later, on September 23, 2019. *Id*. Petitioner also provides a copy of a Kitsap County case summary for case number 06-1-00074-7 which shows the state appellate court dismissed his PRP on June 26, 2012. *Id*. at 39. Petitioner's state writ of habeas corpus was filed on the same docket more than seven years later, on September 23, 2019. *Id*..

**ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE, ORDER DENYING ADDENDUM TO PETITION, AND ORDER DENYING MOTION FOR SERVICE -- 3**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner must seek federal habeas relief within one year after direct review concludes or the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). Even if the Court could conclude that the PRPs challenging the convictions arising in 2005 and 2006 extended the deadline to file a federal habeas corpus petition one year after June 2012 and December 2014, respectively, under 28 U.S.C. §2244(d)(2), the federal limitations period on any federal habeas claims Petitioner might wish to present has long since expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

## ADDENDUM TO PETITION

On September 3, 2020, Petitioner filed an Addendum to Petition ("Addendum"), demanding that the Court expedite this action. ECF No. 28. He asserts that he has "'plainly' shown good cause" for a writ of habeas corpus to be awarded. *Id*. at 1. For the reasons set forth in this Order, Petitioner has failed to demonstrate that his Second Amended Petition should be served on Respondent. Therefore, Petitioner's Addendum is **DENIED**.

## MOTION FOR SERVICE

Also on September 3, 2020, Petitioner filed a Motion for Service, asking this Court to instruct the Clerk of Court to serve the Second Amended Petition on several employees of the Washington State Supreme Court and the Kitsap County Clerk's Office. ECF No. 29. For the reasons set forth in this Order, Petitioner has failed to demonstrate that his Second Amended Petition should be served on Respondents. Therefore, Petitioner's Motion for Service is **DENIED**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Addendum to Petition, **ECF No. 28**, is **DENIED**.
2. Petitioner's Motion for Service, **ECF No. 29**, is **DENIED**.

**ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE, ORDER DENYING ADDENDUM TO PETITION, AND ORDER DENYING MOTION FOR SERVICE -- 4**

After careful review of the record, the Court finds that it lacks jurisdiction to order relief in the nature of mandamus, as requested by Petitioner. Therefore, **IT IS ORDERED** the habeas corpus petition is **DISMISSED without prejudice**. The Clerk of Court is directed to enter this Order, forward a copy to Petitioner, and **CLOSE** the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

DATED this 1st day of October 2020.



                    Stanley A. Bastian
                    Chief United States District Judge

ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE, ORDER DENYING ADDENDUM TO PETITION, AND ORDER DENYING MOTION FOR SERVICE -- 5